FILED
United States Court of Appeals
Tenth Circuit

**October 5, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

DALE HENRY ATOR,

             Petitioner - Appellant,

v.

GEORGE DUNBAR, Warden at Buena
Vista; THE ATTORNEY GENERAL OF
THE STATE OF COLORADO,

             Respondent - Appellee,

No. 09-1158
(D. Ct. Colo.)
(D. Ct. No. 1:08-CV-02733-ZLW)

---

**ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS*,**
**APPLICATION FOR CERTIFICATE OF APPEALABILITY**
**AND DISMISSING APPEAL**

---

Before **HARTZ**, **EBEL**, and **O'BRIEN**, Circuit Judges.

---

Dale Henry Ator, a Colorado state prisoner appearing pro se,[1] seeks a certificate of

appealability (COA). He wants to appeal from the district court's dismissal of his 28

U.S.C. § 2254 petition for writ of habeas corpus and moves to proceed *in forma pauperis*

(*ifp*) on appeal. Because Ator has not "made a substantial showing of the denial of a

constitutional right," *see* 28 U.S.C. § 2253(c)(2), we deny a COA.

---

[1] We liberally construe Ator's pro se filings. *See Ledbetter v. City of Topeka,
Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

## I. BACKGROUND

Ator pled guilty in 2002 to sexual assault on a child and received an indeterminate sentence of six years to life in prison. He did not file a direct appeal. On May 19, 2003, he filed a motion for reconsideration. The state trial court denied the motion on July 14, 2003. He did not appeal the denial of this motion. Well over two years later (February 2006), Ator filed a post-conviction motion in the Colorado courts. The trial court denied the motion, the Colorado Court of Appeals affirmed and the Colorado Supreme Court denied certiorari review. Ator filed a petition for writ of habeas corpus in federal district court on December 16, 2008, and another (in the same case) on January 22, 2009. The district court determined both were time barred because the time between his conviction becoming final in 2003 and his state post-conviction motion in 2006 exceeded the one-year period of limitations set forth under the Antiterrorism and Effective Death Penalty Act (AEDPA). *See* 28 U.S.C. § 2244(d). It also determined Ator had failed "to allege any facts with respect to his claims that might justify equitable tolling of the one-year limitation period." (R. Vol. 1 at 283.) The district court denied his request for a COA and his request for leave to proceed *ifp* on appeal.

## II. DISCUSSION

A COA is a jurisdictional prerequisite to our review of a petition for a writ of habeas corpus. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Because the district court dismissed Ator's petition on procedural grounds he must demonstrate both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether

the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

Ator argues his trial counsel "did not represent [him]" and that he "was never advised by anyone other than [himself] to appeal." (COA App. at 2.) He states he has "begged, pleaded, and asked for an Attorney to Defend [him] to no avail" and that he has "exhausted all [his] energies on [his] appeals." (*Id.* at 2, 4.) He makes no other argument regarding the timeliness of his habeas application. Rather, he requests we allow him "to be Paroled to Colorado Springs." (*Id.* at 4.) Since his petition is clearly time-barred,[2] we liberally construe Ator's application for a COA as arguing the district court erred in failing to apply equitable tolling.

We review a district court's decision to deny equitable tolling for an abuse of discretion. *Fleming v. Evans*, 481 F.3d 1249, 1254 (10th Cir. 2007). Equitable tolling applies only in "rare and exceptional circumstances." *Laurson v. Leyba*, 507 F.3d 1230, 1232 (10th Cir. 2007) (quotations omitted). "Generally, equitable tolling requires a litigant to establish two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quotations omitted). A petitioner has the burden of

---

[2] The record shows two and one-half years passed with no action by Ator in the state or federal courts. Ator identifies nothing which indicates otherwise.

establishing that equitable tolling should apply. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Ator alleges the ineffective assistance of counsel prevented him from diligently pursuing his rights in a timely manner. He also claims his repeated attempts to secure counsel and to exhaust his appeals demonstrate this diligence. A review of the record reveals otherwise. He offers no evidence or explanation to account for his activities in the two and one-half years that elapsed between his conviction becoming final and the filing of his state post-conviction motion. The record does not demonstrate a diligent pursuit of the claimed improprieties or extraordinary circumstances preventing such pursuit. Because he has not shown how jurists of reason would find it debatable whether his petition states a valid claim of the denial of a constitutional right and whether the district court was correct in its procedural ruling, Ator is not entitled to a COA.

In order to proceed *ifp* on appeal, Ator "must show a financial inability to pay the required fees *and* the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan,* 937 F.2d 502, 505 (10th Cir. 1991) (emphasis added). Ator has failed to make a nonfrivolous argument. Therefore, we deny his request to proceed *ifp.* He is directed to remit the full amount of the filing fee within twenty days. *See Kinnell v. Graves,* 265 F.3d 1125, 1129 (10th Cir. 2001) (dismissal of an appeal does not relieve appellant of the obligation to pay the appellate filing fee in full).

We **DENY** Ator's request for a COA and motion to proceed *ifp*. His nascent

appeal is **DISMISSED**.

Entered by the Court:

**Terrence L. O'Brien**
United States Circuit Judge